UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGGIE HUFF, et al., | ) | CASE NO. 5:12CV2583 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| FIRSTENERGY CORP., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On February 20, 2013, the Court issued an order dismissing plaintiff Lisa Huff from this action. (Doc. No. 18.) Plaintiffs, Reggie Huff and Lisa Huff, have moved to alter or amend that order to permit Lisa Huff to proceed as a party in the present action. (Doc. No. 20.) Defendants, FirstEnergy Corp., Ohio Edison Co., FirstEnergy PAC FSL, Leila Vespoli, Anthony Alexander, and James Pearson, have filed a response indicating that they have no position on whether Lisa Huff should be reinstated as a party plaintiff. (Doc. No. 22.)

Plaintiff Reggie Huff, a non-attorney, purported to sign the complaint and other court filings on his own behalf and on behalf of his wife, Lisa Huff, by virtue of a grant of power of attorney and "with verbal phone approval[.]" (Doc. Nos. 1 at 43, 12 at 279.) The Court found that, as a *pro se* non-attorney litigant, Reggie Huff could not represent Lisa Huff in this matter. The Court further ruled that his signature alone was ineffective to bring his spouse's claims before the Court, and that, without signing the complaint, Lisa Huff could not invoke the Court's jurisdiction. (Doc. No. 18 at 399

[citing *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988) and 28 U.S.C. § 1654].)

In their motion to alter or amend, plaintiffs argue that Lisa Huff did not intend to have Reggie Huff represent her in this matter, and, instead, only permitted him to sign the complaint on her behalf because of the "logistics of [her] living in a nursing home 900 miles away without [her] own private phone, fax or internet access, some days it is difficult for [her] to sign [her] name." (Doc. No. 21 at 407.) The "proxy" she allegedly issued to her husband, plaintiffs insist, was limited to the signing of the complaint and other court documents. Plaintiffs suggest that, at worst, Lisa Huff merely failed to fully comply with the signature requirement of Rule 11. Further, plaintiffs posit that "Lisa Huff's signature is not entirely missing as broadly defined but is merely irregular in nature due to a set [of] irregular circumstances that is anticipated by Rule 1 but not necessarily by Rule 11 if applied in its strictest literal interpretation."[1] (*Id*. at 408.)

Rule 11 of the Federal Rules of Civil Procedure requires that all pleadings, motions and other papers be signed by an attorney, or by the party if the party is proceeding *pro se*. Fed. R. Civ. P. 11(a). The Court is unaware of any authority that would support the position that one *pro se* litigant may satisfy Rule 11's signature requirement on behalf of other *pro se* litigants. *Cf. G4 Concept Mktg. v. Mastercard Int'l*, 670 F. Supp. 2d 197, 200 (W.D.N.Y. 2009) (each *pro se* litigant must sign the complaint); *Allen v. AMTRAK*, 60 Fed. R. Serv. 3d (Callaghan) 421, at *12 (E.D. PA

---

[1] Plaintiffs further explained that, at times, it is difficult for Lisa Huff to sign her name, and that they were concerned that this might give the Court the impression that she was mentally impaired. (Doc. No. 21 at 407.) The Court observes that Lisa Huff was, however, able to sign the present motion, *see* Doc. No. 20 at 406, and the Court is unaware of anything in the record that would suggest that Lisa Huff is not competent to proceed in a *pro se* fashion as a party in this action.

2004) (collecting cases, and observing that "[m]ost courts interpret Rule 11(a) to require all *pro se* plaintiffs to sign the complaint"). That said, the last line of Rule 11(a) allows for the omission of a signature to be remedied promptly after such omission has been called to the litigant's attention. *Becker v. Montgomery*, 532 U.S. 757, 764 (2001) (citing Fed. R. Civ. P. 11(a)); *see also Dean v. Westchester County P.R.C.*, 309 F. Supp. 2d 587, 596 (S.D.N.Y. 2004) (refusing to dismiss *pro se* complaint for failure to comply with Rule 11); *see, e.g.*, *Brojer v. Kuriakose*, No. 11-CV-3156, 2011 WL 3043778, at *4 (E.D.N.Y July 20, 2011) (affording *pro se* party leave to sign complaint). Thus, to the extent that the present motion seeks to cure the violation of Rule 11 and reinstate Lisa Huff as a party plaintiff, the motion is GRANTED. The Court will afford plaintiff Lisa Huff fourteen (14) days from the date of this order in which to amend the complaint (Doc. No. 1) and plaintiffs' memorandum in opposition to defendants' motion to dismiss (Doc. No. 12), for the sole purpose of affixing her signature to these documents.[2] In the absence of extraordinary circumstances, failure to file an amended complaint within the time allowed will result in the dismissal of her claims.

Plaintiffs also seek to use the present motion to correct an error they perceive in the Court's recitation of the facts in the background section of its February 20, 2013 opinion and order. In particular, plaintiffs take issue with the Court's representation that defendant Ohio Edison "possessed a prescription *near* the tree" that fell on Lisa Huff, insisting that the easement at issue in the underlying state action included the tree, itself. (Doc. No. 21 at 410 [citing Doc. No. 18 at 394 with emphasis added].)

---

[2] This directive does not license plaintiffs to make any substantive changes to either document.

3

It is well settled that the purpose of Rule 59(e) is to allow a district court to alter or amend its judgment: "(1) to accommodate an intervening change in controlling law; (2) to consider newly discovered evidence; and (3) to prevent a clear error of law or to prevent a manifest injustice." *Liberte Capital Group v. Capwill*, 630 F. Supp. 2d 835, 837-8 (N.D. Ohio 2009) (citing *Gencorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). Plaintiffs do not argue that the proposed correction is necessitated by an intervening change in the law, based on newly discovered evidence, or required to prevent a clear error of law or a manifest injustice. Moreover, the alleged factual discrepancy perceived by plaintiffs played no role in the Court's order, inasmuch as the Court was merely summarizing the procedural history of the underlying state court action in order to provide context for its rulings on the status of various parties in this action.

Nonetheless, the Court finds that a fair reading of the complaint would support a finding, if believed by a fact finder, that the tree was included in the easement.[3] (Compl. ¶ 35.) For the sake of clarity, the Court will issue a *nunc pro tunc* order reflecting the fact that plaintiffs have alleged in this Court that the property upon which the tree was located was included within the easement.

For all of the foregoing reasons, plaintiffs' motion to alter or amend is GRANTED in part. Plaintiff Lisa Huff will be afforded fourteen (14) days in which to amend the complaint and the opposition to defendants' dispositive motion for the sole

---

[3] However, plaintiffs' complaint also makes repeated references to the opinion of the Ohio Supreme Court in the underlying personal injury action, wherein Ohio's high court found that the tree in question was "outside the easement." *Huff v. FirstEnergy Corp.*, 130 Ohio St. 3d at 196, 197 (2011). While this factual dispute may be relevant in this litigation at a later date, it was not relevant to the Court's ruling regarding plaintiff Lisa Huff's status as a party in the present litigation.

4

purpose of affixing her signature to these documents. The Court will amend its February 20, 2013 opinion and order to reflect the fact that the complaint alleges that the tree at issue in the underlying state court action was located on property that was included within the easement given to Ohio Edison. To the extent that the motion seeks to prematurely litigate the merits of the present action by offering an explanation for plaintiffs' actions in the underlying state action, the motion is DENIED.

**IT IS SO ORDERED**.

Dated: July 15, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**