UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGGIE HUFF, et al., | ) | CASE NO.  5:12CV2583 |
| | ) | |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| FIRSTENERGY CORP., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the second motion of plaintiffs to vacate judgment under Rule 59(e) or to recuse. (Doc. No. 44.) Defendants have filed a memorandum in opposition. (Doc. No. 45.)[1] On May 29, 2014, the Court denied plaintiffs' initial motion to alter or amend or, in the alternative, to recuse. (Doc. No. 42.) The present motion purports to be based upon "new grounds[.]" (Doc. No. 44 at 668 [heading].) However, the only new facts alleged involve the Court's denial of plaintiffs' initial motion for relief from the Court's judgment and news report involving an unrelated purported scandal involving the Internal Revenue Service. While the Federal Rules of Civil Procedure

---

[1] Plaintiffs interpreted defendants' opposition brief as containing a motion for sanctions under Rule 11. While defendants urged the Court to exercise its inherent powers to sanction plaintiffs, the Court does not view defendants' response as containing a separate motion for sanctions. (*See* Doc. No. 45 at 686-87.) Nonetheless, in an abundance of caution, the Court permitted plaintiffs to file a further response. (Doc. No. 47; *see* plaintiffs' opposition brief, Doc. No. 49.)

contemplate the filing of successive Rule 59(e) motions, *see Robbins v. Saturn Corp.*, 532 F. App'x 623, 627-28 (6th Cir. 2013), plaintiffs have presented nothing in their second post-judgment motion that counsels in favor of the Court revisiting its final judgment. Plaintiffs' motion, therefore, is denied.

Nonetheless, the Court continues to be concerned over the increasingly hostile and personal tone and tenor of plaintiffs' filings. In its last Opinion and Order, the Court cautioned plaintiffs that their *pro se* status "does not entitle them to exhibit impudence and disrespect toward the Court or opposing counsel." (Doc. No. 42 at 652.) Plaintiffs were warned that further filing abuses could lead to sanctions. (*Id.*) Unfortunately, the Court's caution had little or no effect as plaintiffs' second request for reconsideration was both repetitive and highly disrespectful.[2]

While the Court is very tolerant of legal filings from *pro se* litigants, its tolerance is not without limits. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions.[3] *Douglas v. Cleveland*, No. 1:12CV1145, 2012 WL 4753365, at *7 (N.D. Ohio Oct. 4, 2012) (citing *Procup v. Strickland*, 792 F.2d 1069,

---

[2] Plaintiffs' subsequently filed "opposition" brief was, if anything, even more disrespectful as it was laced with personal and baseless attacks upon the Court supported by nothing more than plaintiffs' obvious dissatisfaction with the Court's rulings in this case. (*See* Doc. No. 49.)

[3] In addition to its inherent powers, federal courts may award sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927. Section 1927 provides "Any attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions under Rule 11 are available as long as the court is sanctioning pleadings or motions submitted for an improper purpose, without a legal basis, and/or without evidentiary support. *See First Bank v. Hartford Underwriters Inc. Co.*, 307 F.3d 501, 517 (6th Cir. 2002); *Houston v. Potter*, Nos. 3:06-CV-318, 3:06-CV-387; 3:07-CV-008, 3:07-CV-187, 2007 WL 5238976, at *7 (E.D. Tenn. May 30, 2007).

1073 (11th Cir. 1986)). Moreover, this Court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. *Procup*, 792 F.2d at 1073; *see in re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989) (recognizing that "[e]very paper filed with the Clerk . . . , no matter how repetitious or frivolous, requires some portion of the institution's limited resources"). To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *see Siller v. Haas*, 21 F. App'x 270, 271 (6th Cir. 2001); *Wrenn v. Vanderbilt Univ. Hosp.*, Nos. 94-5453, 94-5593, 50 F.3d 11, at *3 (6th Cir. Mar. 15, 1995) (unpublished table decision); *see also Feathers v. Chevron U.S.A. Inc.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.")

Plaintiffs have demonstrated that they are unwilling to refrain from filing patently frivolous, repetitive, and harassing documents in this case. Accordingly, the Court enjoins plaintiffs Reggie Huff and Lisa Huff from filing any new pleadings, motions, or other documents in this case, without seeking and obtaining leave of court in accordance with the following:

1. Other than an otherwise justified basis relative to a notice of appeal, plaintiffs must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document they propose to file and must attach a copy of this Order to it.

2. As an exhibit to any motion seeking such leave, plaintiffs must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been

3

previously raised by them in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.

The Court may deny any motion for leave to file if the proposed filing is frivolous, vexatious, or harassing. If the motion for leave is denied, the proposed filing shall remain on the docket as a matter of public record but it will not be deemed filed. Further, plaintiffs' failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any motion for leave to file, and may be considered an act of contempt for which plaintiffs may be sanctioned accordingly. This restriction does not, in any way, preclude plaintiffs from filing a timely appeal to the United States Court of Appeals for the Sixth Circuit from any rulings of this Court of which plaintiffs may seek appellate review. The Court notes that it could have more severely sanctioned plaintiffs by imposing additional nonmonetary or monetary sanctions. It trusts, however, that these limited sanctions will deter plaintiffs from further abusing the judicial system.

**IT IS SO ORDERED**.

Dated: August 18, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**